IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FREDDY S. RODRIQUEZ, | |
| Plaintiff, | 8:18CV397 |
| vs. | |
| HABITAT FOR HUMANITY OMAHA, | MEMORANDUM AND ORDER |
| Defendant. | |

Plaintiff filed a Complaint on August 20, 2018. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this action against his former employer, Habitat for Humanity Omaha ("Defendant"), which employed Plaintiff from February 2016[1] to September 2016 as a customer service sales representative in one of its restores. Plaintiff alleges that Defendant discriminated and retaliated against him on the bases of race (African-American), color (black), and religion (Muslim) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, and the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1101 to 48-1126 ("NFEPA").

Plaintiff states that, during his employment with Defendant, he and other black African-American employees "were treated to adverse assignments." (Filing

---

[1] Plaintiff alleges that he worked for Defendant as a volunteer from May 2015 until he was hired as an employee in February 2016. (Filing No. 1 at CM/ECF p. 6.)

No. 1 at CM/ECF p. 6.) Plaintiff alleges that from February 2016 to September 2016, he was required to work every Saturday, unlike other employees, and that his performance was satisfactory. (*Id.* at CM/ECF p. 7.) In July 2016, Plaintiff complained to the store director that the store manager "was very discriminatory with the assignments, and that [he] just wanted a fair playing field." (*Id.* at CM/ECF p. 6.) Plaintiff asserts that "[n]othing was ever done." (*Id.*)

Plaintiff states that, on one occasion, while helping a customer with a refrigerator in the appliance area, he stopped to assist another customer bring items to the dock area to be loaded into her car. (*Id.*) While in the dock area, another employee asked Plaintiff to look at his phone because it was not working. (*Id.*) When Plaintiff picked up the phone, the store manager came in and yelled "at the top of her voice and in front of both customers and employees, [']Didn't I tell you to get back in appliances[?']" (*Id.*) Plaintiff returned to the appliance area and told the manager that he had been helping customers "and that she didn't have to yell at [him] like [he] was one of her dogs," and she responded, "you are right go home." (*Id.*) Upset at being yelled at and sent home, Plaintiff went to the corporate office and told the human resources director "about being yelled at when [he] was only doing [his] job helping customers, and how the Black African American employee[s] were treated differently at the restore." (*Id.*) She said she would conduct an investigation and was aware of his prior meeting with the store director and manager in which he stated that he wanted "a fair playing field." (*Id.*) According to Plaintiff, "[n]o proper investigation was conducted." (*Id.*)

Plaintiff further alleges that, on September 24, 2016, he was assigned to work in appliances when the assistant manager asked him to go to the dock area to help another employee load a high-priced item into a customer's vehicle. (*Id.* at CM/ECF p. 7.) When Plaintiff arrived at the dock area, a co-worker asked why he was there, and Plaintiff explained that the assistant manager sent him because the co-worker previously had damaged other items. (*Id.*) The co-worker "got offensive and told [Plaintiff] to get the fuck out of here raghead and go back to [Plaintiff's] area. He continued to yell and made the comment that when he was in the army he used to

chase ragheads." (*Id.*) Plaintiff interpreted these statements as a reference to Plaintiff being a Muslim. (*Id.*) Plaintiff became upset and told the co-worker that, if they had a problem, they "could go to the other side of Maple and handle it." (*Id.*) The assistant manager heard them arguing and said if they did not stop someone would have to go home. (*Id.*) Plaintiff asked to go home because "he was upset and wanted to avoid any other problems." (*Id.*)

A couple of days later, on September 26, 2016, the assistant manager, Plaintiff, and the co-worker were called into the manager's office for a meeting. (*Id.*) Plaintiff told the manager that the co-worker "kept yelling and making inappropriate comments." (*Id.*) The co-worker stated that he did not want to say anything because the assistant manager and Plaintiff grew up in the same neighborhood and requested a private meeting with the manager. (*Id.*) The manager met with the co-worker but never met with Plaintiff or the assistant manager. (*Id.*)

Shortly thereafter, on September 29, 2016, Plaintiff was called into the corporate office and informed that an investigation revealed that Plaintiff had threatened the co-worker. (*Id.*) Plaintiff denied threatening the co-worker, but the human resources director stated that the co-worker "felt that [Plaintiff] had threaten[ed] him." (*Id.*) When Plaintiff complained about the co-worker's comments," Plaintiff was told to leave the property. (*Id.*)

For relief, Plaintiff seeks $20,000.00 in damages for lost wages and bonus. (*Id.* at CM/ECF p. 8.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

Prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust his administrative remedies by first seeking relief through the Nebraska Equal Opportunity Commission ("NEOC") or the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(f)(1). The NEOC/EEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the NEOC/EEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C. § 2000e-5(f)(1); *see also Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570, 573 (8th Cir. 1997). The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based

on his charge.[2] 42 U.S.C. § 2000e-5(f)(1); *see also* *Littell v. Aid Ass'n for Lutherans*, 62 F.3d 257, 259 (8th Cir. 1995) (failure to file suit within ninety days after the receipt of a notice from the EEOC renders a plaintiff's action untimely). The civil complaint may only encompass issues that are reasonably related to the substance of charges timely brought before the EEOC/NEOC. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).

Here, Plaintiff has attached a copy of his right-to-sue notice from the EEOC, which reflects that it was signed and mailed to Plaintiff on May 17, 2018. (Filing No. 1 at CM/ECF p. 9.) Plaintiff alleges that he received the right-to-sue notice on May 19, 2018. (*Id.* at CM/ECF p. 5.) Plaintiff signed the Complaint on August 17, 2018 (*id.* at CM/ECF p. 8), but it was not filed until August 20, 2018, which is 93 days after Plaintiff received the right-to-sue notice. Plaintiff does not contend that any equitable or exceptional circumstances exist that warrant tolling of the 90-day period. *See* *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-96 (1982) (a claimant's failure to file suit within this period bars his or her right to pursue the claim, absent equitable tolling or exceptional circumstances).

On the court's own motion, Plaintiff will be given 30 days to show cause why this case should not be dismissed for his failure to file suit within 90 days of receipt of a right-to-sue letter from the EEOC. If Plaintiff fails to show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period, this matter will be dismissed without further notice.

---

[2] The NFEPA similarly provides that "[t]he deadline for filing an action directly in the district court is ninety days after the complainant receives notice of the last action the [NEOC] will take on the complaint or charge." Neb. Rev. Stat. § 48-1120.01.

5

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days to show cause why this case should not be dismissed for his failure to file suit within 90 days of receipt of a right-to-sue letter from the EEOC. If Plaintiff fails to show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period, this matter will be dismissed without further notice.
.

2. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **November 30, 2018**: Deadline for Plaintiff to show cause.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

Dated this 29th day of October, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge