IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FREDDY S. RODRIQUEZ,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>HABITAT FOR HUMANITY OMAHA,<br><br>　　　　　　　Defendant. | **8:18CV397**<br><br>**MEMORANDUM AND ORDER** |

　　　This matter is before the court on Plaintiff's "Motion to Show Cause" ("Motion") (filing no. 7), which is Plaintiff's response to the court's order (filing no. 6) requiring him to show cause why this case should not be dismissed for his failure to file suit within 90 days of receipt of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). Specifically, the court determined that Plaintiff received the right-to-sue notice from the EEOC on May 19, 2018, but did not file suit until August 20, 2018 (93 days after receiving the right-to-sue notice). (Filing No. 6 at CM/ECF p. 5.) On November 30, 2018, Plaintiff filed the Motion, arguing that the 90-day filing period should be tolled because he was homeless, "not mentally stable," and "under medical care." (Filing No. 7.)

　　　In *Turner v. Bowen*, 862 F.2d 708 (8th Cir. 1988), the Eighth Circuit Court of Appeals explained the kinds of circumstances that can support the equitable tolling of a limitations period:

> Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent. *Smith v. McClammy*, 740 F.2d 925, 927 (11th Cir. 1984) (Title VII case). "Equitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way."

> *Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988) (equitable tolling denied even though claimant for social security disability benefits asserted that illness prevented her from timely filing an action in federal district court). And this court has recognized the principle that "ignorance of legal rights does not toll a statute of limitations." *Larson v. Am. Wheel & Brake, Inc.*, 610 F.2d 506, 510 (8th Cir. 1979).

*Turner*, 862 F.2d at 710; *see also Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 & n.2 (8th Cir. 1989) (cataloguing the types of instances in which waiver or equitable tolling is warranted and noting that courts have generally reserved the remedy of equitable tolling for circumstances which are truly beyond the control of the plaintiff or when the conduct of the respondent has lulled the plaintiff into inaction). Equitable tolling, however, is an exceedingly narrow window of relief.

In the Motion, Plaintiff alleges that, in September 2017, he "became homeless and started residing in his car and using his brother's address as a mailing address" and that he "remained homeless until about June or July 2018." (Filing No. 7 at CM/ECF p. 1.) Accepting the allegations in Plaintiff's Motion as true, Plaintiff was homeless only a part of, but not the entire, 90-day period. Even if Plaintiff was homeless until the end of July 2018, he had approximately two weeks to file suit and still be within the 90-day time period. Plaintiff also alleges that, on or about March 2018, he had a mental breakdown and attempted suicide, which resulted in a three-hour stand-off with the Omaha Police Department and subsequent hospitalization. (*Id.*) He further alleges that he was treated at the Lasting Hope Mental Facility three days before this incident. (*Id.*) Plaintiff has failed to allege or show that any of these events occurred during the 90-day filing period.

Further, Plaintiff's allegations of homelessness, mental health issues, medical treatment, and hospitalizations do not demonstrate the existence of "extraordinary circumstances" that prevented him from meeting the 90-day filing deadline. *See Apionishev v. Columbia Univ.*, 2011 WL 1197637, at *6 (S.D.N.Y. Mar. 25, 2011) (unpublished opinion) ("Homelessness and depression or illness alone are not sufficient to justify equitable tolling, and Apionishev does not explain how these

factors precluded the timely filing of his claims.") (footnote omitted). Indeed, Plaintiff admits receiving the right-to-sue notice and states that, upon receiving the notice, he "tried to retain an attorney to handle his complaint to no avail, so he got help filing the complaint from the court's website." ([Filing No. 7 at CM/ECF p. 1](#).) This demonstrates that he was able to pursue his suit (by using the court's website for help to file the complaint) despite his hardships. His unsuccessful search for counsel does not warrant equitable tolling. *See [Jihad v. Hvass](#)*, 267 F.3d 803, 805-07 (8th Cir. 2001). In addition, Plaintiff has not alleged that Defendant prohibited him from filing a timely suit or that the EEOC or the court somehow denied Plaintiff the opportunity to comply with the 90-day rule.

The court finds that Plaintiff has failed to show that equitable or exceptional circumstances exist that warrant tolling of the 90-day time period.

IT IS THEREFORE ORDERED that:

1. Plaintiff's "Motion to Show Cause" ("Motion") ([filing no. 7](#)) is denied.

2. Plaintiff's Complaint ([filing no. 1](#)) is dismissed with prejudice.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 10th day of December, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge